Brody Valerga (11789)
Heather Valerga (14431)
**VALERGA LLP**
21 E 100 N, Suite 250
American Fork, UT 84003
(801) 836-0880
brody@valergalawyers.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| FARIZ ISHANKULOV,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. and DOES 1-5,<br><br>　　　　　　Defendant. | **MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 2:20-cv-00100-RJS-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Fariz Ishankulov, by and through counsel, under Rule 15 of the Federal Rules of Civil Procedure, respectfully requests leave to amend the Complaint. Plaintiff seeks leave to add three new defendants: FleetPride Inc., a Texas Corporation and manufacturer of the brake drum used by Defendant Love's Travel Stops & Country Stores, Inc. ("Love's"); Stemco, Inc., a Texas Corporation and Stemco Products, Inc – a Delaware Corporation—manufacturers of the brake shoe used by Love's. Plaintiff seeks leave to add product liability claims against the new defendants.

BACKGROUND

Plaintiff filed the original Complaint in this case against Love's for negligence. Through discovery propounded on Love's, Plaintiff has learned who the product manufacturers are of the brake shoe and brake drum used in repairing and servicing his trailer rig. FleetPride Inc. is the manufacturer of the brake drum and Stemco Products Inc. and Stemco, Inc. are the manufacturers of the brake shoe. The Plaintiff proposes to add product liability claims against the new defendants.

ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial. Fed. R. Civ. P.15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id. In addition, Rule 15(d) specifically allows the filing of supplemental pleadings to allege new facts that occur after the filing of original pleadings. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). 1990) "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir.

2009) (quotations and citation omitted).

As of the deadline to file this motion, Plaintiff had not received written consent to

file the Amended Complaint, but in previous discussions, counsel for Love's said he

would not oppose the Amended Complaint.

CONCLUSION

For all the above reasons, Plaintiff respectfully request leave to amend the

original Complaint. A copy of the proposed Amended Complaint is attached as Exhibit A.


Date: July 15, 2020                                   /s/ Brody Valerga
                                                      Brody Valerga




**CERTIFICATE OF SERVICE**

I certify that the above Motion to Amend Complaint were sent to the following

via email:

Stephen D. Kelson
Christensen & Jensen, P.C.
257 E 200 S, Suite 1100
SLC, UT 84111
Stephen.kelson@chrisjen.com


Date: July 15, 2020.                                  /s/ Brody Valerga
                                                      Brody Valerga

EXHIBIT A

Brody Valerga (11789)
Heather Valerga (14431)
**VALERGA LLP**
21 E 100 N, Suite 250
American Fork, UT 84003
(801) 836-0880
brody@valergalawyers.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| FARIZ ISHANKULOV, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00100-RJS-DAO |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., FLEETPRIDE, INC., STEMCO, INC., STEMCO PRODUCTS, INC. and DOES 1-5, | Magistrate Judge Daphne A. Oberg |
| Defendants. | |

Plaintiff complains against Defendant as follows:

1.      At all material times herein, Plaintiff Fariz Ishankulov was a resident of Kings County, New York.

2.      Defendant Love's Travel Stops & Country Stores, Inc  ("Love's") is a foreign corporation registered under Utah law and has a place of business in Utah County, Utah.

3.      FleetPride Inc. ("FleetPride) is a Texas corporation.

4.      Stemco, Inc. ("Stemco") is a Texas Corporation.

5.      Stemco Products, Inc. ("Stemco Products") is a Delaware Corporation.

6.      On October 22, 2018, Plaintiff was driving a 2018 Freightliner tractor trailer with a load from New York destined for California.

7.      Plaintiff stopped at the Cedar City location of Love's to have one of his trailer tires checked for low pressure.

8.      While at Love's Plaintiff had a routine maintenance inspection performed on the tractor trailer. Bridan Jones was the repair salesman who performed the inspection. During the inspection the salesman found and recommended that the RR/RF Trailer brake shoes were outside of DOT requirements and recommended the replace the shoes and the RR drum due to damage.

9.      Love's technicians performed the work to replace the brake shoes and RR Drum. They also adjusted the brakes. A copy of the invoice showing the work performed and the amount charged is attached as Exhibit A.

10.      The replacement brake drum used by Love's is manufactured by FleetPride Inc.

11.      The replacement brake shoe used by Love's is manufactured by Stemco, Inc. or Stemco Products, Inc.

12.      Fariz left Love's after the repairs had been completed and continued on his route to California. Shortly after leaving Love's, Fariz felt the brakes were not reacting normally. He figured he would have to brake them in after the repair.

13.      Several hundred miles later the brakes were still not working properly. But at this time he was driving down a canyon road in San Bernadino, California when the repaired brakes caught fire.

14.     Fariz could see the wheel on fire so he stopped the truck and exited the vehicle to put out the flames.

15.     Fariz grabbed a fire extinguisher and began to attempt to put out the fire. As he was doing so, the tire exploded from the heat and flames. The explosion shot shrapnel into Fariz's face. It burned his leg and blew him back several feet and caused him to crash to the ground.

16.     Fariz was aided by a bystander who helped pull him to safety.

17.     Eventually the fire department arrived and put out the flames.

18.     Fariz was badly injured and shaken up and his trailer was damaged.

19.     Eventually, Fariz called a company by the name of MOBTECH to tow and repair the unit.

20.     A MOBTECH technician arrived and towed the tractor trailer to a shop for repairs. Meanwhile, Fariz was vomiting in the street, so Fariz asked the MOBTECH technician to take him to the hospital.

21.     Fariz was evaluated by the hospital for his injuries and released.

22.     Fariz was unable to drive the tractor trailer back to New York. He took a flight home where he took several weeks to recover and convalesce.

23.     As a result of the incident, Fariz sustained numerous injuries. The shrapnel lodged into his face which required a procedure to remove it. He suffered back, neck and shoulder injuries. His shoulder will require surgery to repair a torn rotator cuff.

24.     Fariz lost income and was out of work for several weeks as a result of the

accident, and will be required to miss more work because of future surgery to his

shoulder.

25.     Love's was negligent in, among other things, the following particulars

    a.     Failing to properly replace brake shoe;

    b.     Failing to properly replace brake drum;

    c.     Failing to properly adjust brakes;

    d.     Permitting unqualified or untrained technicians to perform the

       repair work;

26.     Love's owed Fariz a duty of care to repair his tires properly.

27.     Love's was negligent in performing the repair work.

28.     As a direct and proximate result of Love's negligent acts, omissions, and

wrongful conduct, Fariz sustained past, present and future economic damages, including

medical expenses, lost wages, out of pocket expenses, property damages and

consequential damages in an amount to be established at trial.

29.     As a direct and proximate result of Love's negligent acts, omissions, and

wrongful conduct, Fariz sustained past, present and future non-economic damages,

including physical pain and suffering, emotional pain and suffering, and loss of

enjoyment of life in an amount to be established at trial.

30.     The FleetPride brake drum used by Love's in the repair and service of

Fariz's rig, was an unreasonably dangerous product to an extent beyond which would be

contemplated by Fariz, an ordinary and prudent consumer in the community considering

the brake drum's characteristics, propensities, risks, dangers and uses together with any actual knowledge, training or experience possessed by Fariz.

31.     The brake drum caused the fire that engulfed the trailer and led to Fariz's injuries.

32.     The Stemco or Stemco Products brake shoe used by Love's in the repair and service of Fariz's rig, was an unreasonably dangerous product to an extent beyond which would be contemplated by Fariz, an ordinary and prudent consumer in the community considering the brake drum's characteristics, propensities, risks, dangers and uses together with any actual knowledge, training or experience possessed by Fariz.

33.     The brake shoe caused the fire that engulfed the trailer and led to Fariz's injuries.

WHEREFORE, Plaintiff, prays for relief as follows:

1.  For past, present and future economic damages, including medical expenses in an reasonable amount, and for lost wages, out-of-pocket expenses, property damages and consequential damages in an amount to be established at trial.

2.  For past, present and future non-economic damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, and psychological harm in an amount to be established at trial.

JURY DEMAND

Plaintiff Fariz Ishankulov demands a trial by jury.


Dated July 15, 2020.

/s/Brody Valerga<br>Brody Valerga<br>Attorney for Plaintiff